# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

| In Re: | |
|---|---|
| CAMERON D. MELTON, | **Bankruptcy Case No. 06-00748** |
| Debtor. | |

_____

## MEMORANDUM OF DECISION
_____

**Appearances:**

      Harold Q. Noack, Jr., Boise, Idaho, Attorney for Debtor.

      Janine Reynard, Office of the U.S. Trustee, Boise, Idaho.

      The chapter 11 debtor, Cameron D. Melton ("Debtor"), filed applications to obtain *nunc pro tunc* court approval to employ an attorney and accountant to represent him in this bankruptcy case. Docket Nos. 14–15. There is no dispute that both professionals meet the requirements for employment set forth in § 327(a).[1]  However, the U. S. Trustee has questioned whether the order

---

[1] Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001– 9036, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 109-8, 119 Stat. 23 (Apr. 20, 2005).

MEMORANDUM OF DECISION - 1

approving employment should be made retroactive to the date the bankruptcy petition was filed, as Debtor has requested.

A hearing on the applications was conducted on October 4, 2006. Counsel for Debtor and the U. S. Trustee appeared and submitted arguments. The parties were also allowed to provide additional briefing on the issues, which both parties did. Docket Nos. 28; 30. After careful consideration of the applications and the arguments of the parties, the Court concludes the applications can be granted, but that the employment of these professionals cannot be approved *nunc pro tunc*. The following constitutes the Court's findings, conclusion and disposition of the issue. Rule 9014; 7052.

## Factual Background

Debtor filed a chapter 11 petition without schedules and statements on June 26, 2006. Docket No. 1. On July 11, 2006, fifteen days later, Debtor filed schedules and the remaining required documents, as well as the applications to employ the two professionals at issue here.

Debtor seeks an order approving employment of his attorney and accountant *nunc pro tunc* to the date the petition was filed. The U. S. Trustee objected, but only to the extent Debtor seeks retroactive approval. It contends that *nunc pro tunc* approval is not available absent a showing of exceptional

MEMORANDUM OF DECISION - 2

circumstances. Docket Nos. 19–20. Debtor's argument that the applications should be approved *nunc pro tunc* is premised upon Rule 1007(c). That Rule allows a debtor fifteen days after the filing of the petition to file all required schedules and statements with the Court. Debtor contends that because the Rule allows fifteen days to file the required documentation to commence a bankruptcy case, it implicitly applies to applications to employ professionals. According to Debtor, since the applications in this case were filed within the fifteen-day period, they should relate back to the date of filing the initial petition.

**Disposition**

I.

Section 327 and Rule 2014 set forth the framework and procedure for obtaining bankruptcy court approval of the employment by the trustee or debtor-in-possession of professional persons. Court approval of the employment of professionals is critical since "[i]n bankruptcy proceedings, professionals who perform services for a debtor in possession cannot recover fees for services rendered to the estate unless those services have been previously authorized by a court order." *Atkins v. Wain, Samuel & Co.* (*In re Atkins*), 69 F.3d 970, 973 (9th Cir. 1995) (citing 11 U.S.C. § 327(a); Fed. R. Bankr. P. 2014(a); *McCutchen,*

MEMORANDUM OF DECISION - 3

*Doyle, Brown & Enersen v. Official Comm. of Unsecured Creditors* (*In re Weibel, Inc.*), 176 B.R. 209, 211 (9th Cir. BAP 1994)).

This Court's Local Bankruptcy Rules provide that "[a]ny order of approval of employment entered by the court will relate back to the date of service of the application." L.B.R. 2014.1(c). Since some time will necessarily pass between the filing of the application to employ the professional, and action on that application by the Court, during which time the professional may be asked to perform necessary services, this Local Rule provides some modicum of protection to the prudent professional.

In addition, bankruptcy courts in the Ninth Circuit "possess the equitable power to approve retroactively a professional's valuable but unauthorized services." *Atkins*, 69 F.3d at 974. However, such retroactive relief is available only upon a showing of "exceptional circumstances." *Id.* "It is clear that there is no right to a *nunc pro tunc* order." *In re Kroeger Prop. and Dev., Inc.*, 57 B.R. 821, 822 (9th Cir. BAP 1986). The BAP explained that approving employment *nunc pro tunc* is limited to "exceptional circumstances" in order to:

> deter attorneys from general non-observance of
> Section 327. Otherwise, any attorney who is qualified
> to serve as a counsel for a debtor in possession could
> ignore the requirement that a court order be obtained
> before commencing work. Since professionals are
> charged with knowledge of the law, there is no unjust

MEMORANDUM OF DECISION - 4

> hardship in requiring them to observe the strict
> requirements of Section 327.

*In re Kroeger Prop. and Dev., Inc.*, 57 B.R. at 822–23.

"For the professional seeking an order approving employment *nunc pro tunc*, 'exceptional circumstances' exists when the professional (1) satisfactorily explains his failure to receive prior judicial approval; and (2) demonstrates that his services benefitted the bankrupt estate in a significant manner." *In re Ball*, 04.3 I.B.C.R. 87, 87 (Bankr. D. Idaho 2004) (citing *Atkins*, 69 F.3d at 974). Whether to approve an application for employment *nunc pro tunc* is left to the bankruptcy court's discretion. *In re Kroeger Prop. and Dev., Inc.*, 57 B.R. at 822.

## II.

Rule 1007(c) does not provide a basis to delay filing an application for approval of the employment of a professional, nor does it constitute an exception to the general requirements explained above that approval of employment is a condition to payment for professional services.

> Rule 1007(c) provides:
>
> In a voluntary case, the schedules and statements, other than the statement of intention, shall be filed with the petition or within 15 days thereafter, except as otherwise provided in subdivisions (d), (e), (f), and (h) of this rule.

MEMORANDUM OF DECISION - 5

Debtor's reliance on Rule 1007(c) for his contention that, in any case, a chapter 11 debtor has fifteen days to apply for court approval to employ professionals, is misplaced.  As can be seen, the text of the Rule indicates it applies only to certain schedules and statements.  Had the drafters of Rule 1007(c) intended it to apply to Rule 2014 applications, presumably, the Rule would have so provided.

This reading of the Rule makes good sense.  While most debtors in a chapter 11 case will be represented by an attorney, or may need the services of an accountant, Rule 1007(c) applies to debtors in all types of bankruptcy cases. Debtors frequently file for bankruptcy relief without the assistance of an attorney, and even if represented by counsel, may rarely need to employ other professionals. Because there is no requirement that a debtor employ professionals, Rule 2014, the specific Rule governing employment applications, does not restrict the time for filing such an application to any specific time period, and certainly not to the first fifteen days of the bankruptcy case.

However, there is no question that until the application is filed and approved, no compensation may be paid for work performed absent a showing of "exceptional circumstances."  *See In re Kroeger Prop. and Dev., Inc.*, 57 B.R. at 822–23.  The economic realities of bankruptcy practice will therefore dictate that,

MEMORANDUM OF DECISION - 6

absent exceptional circumstances, an application to approve employment of a professional be filed at or near the time the professional commences providing such services.

### III.

No "exceptional circumstances" have been shown to have existed in this case.

Debtor argues that because a short filing was required to save Debtor's home, good cause has been shown to approve the applications *nunc pro tunc*. However, in order for the Court to give its approval *nunc pro tunc*, a showing of *exceptional circumstances*, not just good cause, must be made. Exceptional circumstances are shown by "the professional (1) satisfactorily explain[ing] his failure to receive prior judicial approval; and (2) demonstrat[ing] that his services benefitted the bankrupt estate in a significant manner." *In re Ball*, 04.3 I.B.C.R. at 87 (citing *Atkins*, 69 F.3d at 974).

Debtor contends the professionals did not receive judicial approval prior to performing services for the estate because of the necessity of a prompt filing. According to Debtor, the short filing occurred on June 26, 2006, because the Internal Revenue Service had informed Debtor that it would foreclose its lien on his house on June 27, 2006. Mem. in Response at 4, Docket No. 28. In

MEMORANDUM OF DECISION - 7

addition, Debtor is a sole proprietor of a service business that requires travel to erect steel buildings. Debtor employs no support staff, and therefore, hiring an accountant was required to complete the bankruptcy schedules, statements and supporting documents required for the bankruptcy filing. *Id.* Apparently, Debtor contends that exigent circumstances requiring the immediate filing of a bankruptcy petition somehow prevented his attorney from filing the employment applications for fifteen days.

To support his position that the applications should be approved *nunc pro tunc*, Debtor directs the Court to its decision in *In re Soderquist*, 2005 WL 4705181, 2005 Bankr. Lexis 3016 (Bankr. D. Idaho Jan. 5, 2005). In *Soderquist*, the Court concluded exceptional circumstances had been shown to exist that would justify entry of an order approving the attorney's employment *nunc pro tunc* when counsel erroneously believed the application had been filed with the petition. The Court concluded, based on all the circumstances of the case, that counsel's failure to timely file his application for employment was truly out of the ordinary; that when the absence of the filing was brought to his attention, he quickly remedied the matter; that no party suffered any prejudice; and that it was significant that this "omission occurred in the context of an unusually busy period in his solo law practice, and at a time immediately following his loss of an

MEMORANDUM OF DECISION - 8

experienced member of his administrative staff." *Soderquist,* 2006 WL 4705181 at *3. The Court in *Soderquist* noted that whether exceptional circumstances existed was a close question, and in the exercise of its discretion, concluded exceptional circumstances had been shown. *Id*. at *4.

The facts in this case have not been shown to resemble the situation presented in *Soderquist*. Here, Debtor has presented no facts to establish that the failure to file the employment application for fifteen days after the petition was filed was anything other than an intentional choice, based on an erroneous interpretation of Rule 1007(c).[2] The facts requiring that the chapter 11 petition be filed without supporting schedules and statements do not show exceptional circumstances existed which prevented Debtor's attorney from promptly filing the employment applications. Debtor and his attorney realized at the time the petition was filed that an attorney and accountant would be needed in the chapter 11 case. No evidence or persuasive argument has been offered as to why the applications were not filed promptly. Absent such a showing, Debtor has failed to establish exceptional circumstances to justify retroactive approval of the employment of his professionals.

---

[2] Debtor's bankruptcy counsel is very experienced and has demonstrated an intimate knowledge of the bankruptcy laws over the years. The Court is indeed surprised if it was his reading of the Rules that Debtor need not be concerned about the prompt filing of employment applications.

MEMORANDUM OF DECISION - 9

## Conclusion

The Court concludes that Rule 1007(c) does not alter the requirement that professionals' employment be approved by the Court prior to commencement of services and that no exceptional circumstances were shown that would allow the applications for employment be approved *nunc pro tunc*. The applications to employ Debtor's attorney and accountant will be approved, and pursuant to L.B.R. 2014.1(c), that approval shall be effective as of July 11, 2006, the date on which the applications were filed.

A separate order will be entered.

Dated: October 30, 2006

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge